UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT MERCER,<br><br>                Plaintiff,<br><br>      -against-<br><br>NEW YORK CITY HOUSING<br>AUTHORITY,<br><br>                Defendant. | 22-CV-3202 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the Court's federal question and diversity of citizenship jurisdiction, alleging that Defendant violated his rights when a lead paint test detected lead in his apartment. Plaintiff asserts constitutional claims under 42 U.S.C. § 1983 as well as claims under 24 C.F.R. § 5.703. By order dated April 26, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 30 days' leave to replead a claim under the Fair Housing Act (FHA).

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Robert Mercer invokes the Court's federal question and diversity of citizenship jurisdiction.[1] He names as Defendant the New York City Housing Authority (NYCHA). The following allegations are taken from the complaint. On March 17, 2022, a lead paint test was conducted at 255 West 127th Street, a NYCHA housing complex in which Plaintiff resides. The

---

[1] Because both Plaintiff and NYCHA are citizens of New York, Plaintiff fails to allege complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332.

test detected a lead measurement of 0.8, which Plaintiff maintains exceeds the 0.5 threshold for non-hazardous conditions.

Plaintiff asks the Court to "allow [him] . . . the power and authority . . . to use the Constitution and the laws statutes, policies, treaty's, rules and regulations imposed by Acts, Congress and agency of the government of the United States of America . . . to protect my persons, my intellectual properties, my entities and my rights to life and Liberty, to ensure my own safety, protection and self-interest." (ECF 2, at 2.)

Plaintiff asserts that NYCHA violated his rights under the First, Fifth, and Fourteenth Amendments and under 24 C.F.R. § 5.703, a regulation governing the Housing and Urban Development program.

Plaintiff seeks $10 million in damages, plus a "civil penalty" of $5 million. (*Id.*)

## DISCUSSION

### A.  Constitutional Claims

Plaintiff's claims that Defendant violated his federal constitutional rights arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

When a plaintiff sues a municipality or a municipal entity such as NYCHA under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be

subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against NYCHA, the plaintiff must allege facts showing (1) the existence of a NYCHA policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted); *Carrero v. N.Y.C. Hous. Auth.*, 890 F.2d 569, 576-77 (2d Cir. 1989) (holding that Section 1983 claims against NYCHA can only be brought if the alleged deprivation of rights occurred pursuant to NYCHA practice or policy).

Here, Plaintiff fails to state a claim that NYCHA violated his constitutional rights. Plaintiff alleges that elevated levels of lead were detected in his apartment and asserts that NYCHA has therefore violated his rights under the First, Fifth, and Fourteenth Amendments. Courts have long held, however, that there is no constitutional right to adequate or safe housing. *See Lindsay v. Normet*, 405 U.S. 56, 74 (1972) ("We do not denigrate the importance of decent, safe, and sanitary housing. But the Constitution does not provide judicial remedies for every social and economic ill. We are unable to perceive in [the constitution] any guarantee of access to dwellings of particular quality . . . . Absent constitutional mandate, the assurance of adequate housing . . . [is a] legislative, not judicial, function[]"); *Paige v. New York City Hous. Auth.*, No. 17-CV-7481, 2018 WL 3863451, at *11 (S.D.N.Y. Aug. 4, 2018) ("Defendants' failure to prevent lead paint poisoning is not tantamount to a violation of substantive due process. So too, it is not enough to allege that Defendants' 'stood by and did nothing.'" (quoting *Pena v. DePrisco*, 432 F.3d 98, 110)); *Richardson v. City of New York*, No. 12-CV-2545, 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2013) (holding there is no "government obligation to provide adequate

housing") (quoting *Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624, 2009 WL 35074, at *3

(E.D.N.Y. Jan. 6, 2009)); *see also Allen v. New York City Hous. Auth.*, No. 10-CV-0168, 2012

WL 4794590, at *8 (S.D.N.Y. Sept. 11, 2012) (rejecting due process claims arising from

NYCHA's failure to address mold), *report & recommendation adopted*.

It follows that there can be no claim under Section 1983 against NYCHA for its failure to

provide Plaintiff with safe and sanitary housing. *See Segal v. City of New York*, 459 F.3d 207, 219

(2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation,

its decision not to address the municipal defendants' liability under [Section 1983] was entirely

correct."). The Court therefore dismisses Plaintiff's claims against NYCHA under Section 1983

for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims Under 24 C.F.R. § 5.703**

Plaintiff alleges that NYCHA has violated his rights under 24 C.F.R. § 5.703. That

regulation outlines the program requirements of the Housing and Urban Development program,

and, among other things, requires "[a]ll areas and components of the housing [to] be free of

health and safety hazards," and all "dwelling units and common areas [to] have proper

ventilation and be free of mold, odor . . . or other observable deficiencies." 24 C.F.R. § 5.703(f).

Courts within this Circuit have held that neither 24 C.F.R. § 5.703, nor a related statute

setting forth housing policy, the Housing Act of 1937, 42 U.S.C. § 1437 *et seq.*, includes a

private right of action or creates a federal right that is enforceable under Section 1983. *See Davis*

*v. N.Y.C. Hous. Auth.*, 379 F. Supp. 3d 237, 244-49 (S.D.N.Y. 2019) (holding that 24 C.F.R.

§ 5.703 and certain subsections of the Housing Act do not provide an actionable right under

Section 1983); *Alston v. Sebelius*, No. 13-CV-4537, 2014 WL 4374644, at *15 (E.D.N.Y. Sept. 2,

2014) ("Although the Second Circuit has not addressed this issue, numerous courts, including

district courts in this Circuit, have routinely found that no private right of action exists under the

Housing Act for the failure to enforce a landlord's compliance with housing quality conditions.") (collecting cases); *Bose v. City of New York*, No. 07-CV-2431, 2008 WL 564761, at *8 (E.D.N.Y. Feb. 27, 2008) ("[P]laintiff has failed to meet her burden in establishing that § 1437f(o)(8) of the Housing Act confers an individual right enforceable through a § 1983 action."); *Harris v. HUD*, No. 93-CV-0397, 1993 WL 276084, at *3 (S.D.N.Y. July 16, 1993) (Section 1437 is a " broad statement of policy [that] does not create a private right of action. In the first place, the declaration of policy commits the United States to help the States remedy the shortage of safe housing for low-income families, not to eliminate all danger from such housing. Second, this statement is the kind of general expression of policy that is not by itself sufficient to create rights in public housing tenants.").

The Court finds that Plaintiff does not have a private right of action or an individual right enforceable under Section 1983, and therefore dismisses Plaintiff's claims under 24 C.F.R. § 5.703 for failure to state a claim on which relief may be granted.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.     Fair Housing Act

Plaintiff has alleged in a previous action that he suffers from multiple medical conditions as a result of living in NYCHA housing. *See Mercer*, ECF 1:19-CV-8842, 73. Because of the information contained in Plaintiff's previous filings, the Court liberally construes the complaint

---

[2] That Section 5.703 does not include an actionable right should come as no surprise to Plaintiff, as at least two other courts in this District have dismissed claims brought by Plaintiff under Section 5.703. *See Mercer v. New York City Hous. Auth.*, No. 21-CV-10503, 2022 WL 874782 (S.D.N.Y. Mar. 24, 2022) (dismissing Plaintiff's claims under Section 5.703 because that regulation contains no actionable right); *Mercer v. New York City Hous. Auth.*, No. 19-CV-8842, 2021 WL 230124, at *4 (S.D.N.Y. Jan. 22, 2021) (same); *see also Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

as attempting to assert a claim under the FHA. The FHA makes it unlawful to "discriminate in the . . . rental [of], or to otherwise make unavailable or deny, a dwelling to any . . . renter because of" the individual's disability. 42 U.S.C. § 3604(f)(1)(A). Under the FHA, disability discrimination includes a refusal to make "reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

To state a claim under the FHA that a defendant failed to provide reasonable accommodations, a plaintiff must allege that (1) he had a disability, (2) the defendant knew of or should have known of the disability, (3) the requested accommodation "was likely necessary to afford the [disabled] person an equal opportunity to use and enjoy the dwelling," (4) the accommodation requested was reasonable, and (5) "the defendant refused to make the requested accommodation." *Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014).

Here, Plaintiff does not allege any facts plausibly suggesting a viable FHA claim. In light of Plaintiff's *pro se* status, and because the Court cannot say at this time that amendment would be futile, the Court grants Plaintiff 30 days' leave to allege additional facts to state a FHA claim.[3]

**D.     State-law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

---

[3] The Court notes that Plaintiff should be aware of the pleading requirements to state a claim under the FHA. *See Mercer*, ECF 1:19-CV-8842, 74 (dismissing Plaintiff's claims under the FHA after explaining the elements of a FHA claim and granting Plaintiff leave to plead a plausible FHA claim); *see also Sledge*, 564 F.3d at 109-110 (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). In abundance of caution, however, the Court nevertheless grants Plaintiff leave to replead a FHA claim in this action.

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal

claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New*

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522

U.S. 156, 173 (1997)). Should Plaintiff state a viable FHA claim in an amended pleading, the

Court will consider whether to exercise supplemental jurisdiction of the state law claims.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say at this

stage that amendment would be futile, Plaintiff is granted 30 days' leave to replead a claim under

the Fair Housing Act.

In Plaintiff files an amended complaint, he must allege facts suggesting that (1) he has a

disability as defined by the FHA; (2) NYCHA knew of or should have known of the disability;

(3) due to the presence of lead in his apartment and its impact on his disability, Plaintiff

requested an accommodation to allow him an equal opportunity to use and enjoy the apartment;

(4) the requested accommodation was reasonable; and (5) NYCHA refused Plaintiff's reasonable accommodation.

If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted 30 days' leave to replead a claim under the Fair Housing Act.

Plaintiff must submit the amended complaint, if any, to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-3202 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing Plaintiff's federal

law claims for failure to state a claim in which relief may be granted, and declining to consider, under its supplemental jurisdiction, any state law claims Plaintiff may be asserting.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____                    ____ Civ. _____ ( ____ )

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*          **AMENDED**
                                                                      **COMPLAINT**

                 -against-

_____          Jury Trial:   ☐ Yes        ☐ No
                                                                      (check one)
_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*


**I.**     **Parties in this complaint:**

**A.**     List your name, address and telephone number. If you are presently in custody, include your
            identification number and the name and address of your current place of confinement. Do the same
            for any additional plaintiffs named. Attach additional sheets of paper as necessary.


Plaintiff          Name _____

                   Street Address _____

                   County, City _____

                   State & Zip Code _____

                   Telephone Number _____


**B.**     List all defendants. You should state the full name of the defendant, even if that defendant is a
            government agency, an organization, a corporation, or an individual. Include the address where
            each defendant may be served. Make sure that the defendant(s) listed below are identical to those
            contained in the above caption. Attach additional sheets of paper as necessary.


*Rev. 12/2009*                                  1

Defendant  No. 1     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

    ☐ Federal Questions      ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.      Facts: _____

_____

| What happened to you? |

_____

_____

_____

_____

| Who did what? |

_____

_____

_____

_____

| Was anyone else involved? |

_____

_____

| Who else saw what happened? |

_____

_____

_____


### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

*Rev. 12/2009*                                                     3

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address            _____

                          _____

                          _____

Telephone Number           _____

Fax Number *(if you have one)*   _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
        must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff:   _____

Inmate Number            _____